50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William MINEER, Plaintiff-Appellant,
v.
FLEMING COUNTY; Fleming County Fiscal Court, Flemingsburg,
Kentucky; Jewell Call, Fleming County Judge/Executive;
Magistrate Gary C. Harmon; Magistrate Andy Cole;
Magistrate John Sims; Magistrate Ronnie Carpenter;
Magistrate William Thompson; Magistrate L.C. Cord; in
Their Individual and Official Capacities, Defendants-Appellees.
 No. 94-5108.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 Before: GUY, BOGGS, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This matter is now before us for a second time. The result of the first appeal was that all individual defendants were afforded qualified immunity in their individual capacities. However, plaintiff also had asserted official capacity claims against all the individual defendants, as well as entity claims against Fleming County and the Fleming County Fiscal Court. Additionally, plaintiff sought reinstatement by way of injunctive relief.
 
 
 2
 On remand, the district court dismissed what was left of the case. Plaintiff appeals the dismissal and argues that our prior decision did not dispose of this case in its entirety. We agree, and reverse and remand for further proceedings.
 
 
 3
 Since the facts were set out in our earlier opinion, we will not repeat them. We do need to address what claims properly remain, and against whom they are properly asserted. As a result of our previous holding, there no longer are any claims against any defendant in an individual capacity. This leaves only official capacity claims against the individuals and the claims against Fleming County and the Fleming County Fiscal Court.
 
 
 4
 We have repeatedly held that an official capacity claim is a claim against the governmental entity. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990). In so holding, we have followed the dictates of the United States Supreme Court. Kentucky v. Graham, 473 U.S. 159, 165 (1985). This means that the official capacity claims are examined in the context of whether there is any valid claim made against Fleming County. In this regard we note that the Fleming County Fiscal Court is not a suable entity. The only proper defendants are either the individual actors or the County. Haverstick Enters., Inc. v. Financial Fed. Credit, Inc., 32 F.3d 989 (6th Cir.1994).[1]
 
 
 5
 Since the individual defendants have been dismissed, we need only examine whether this action was properly dismissed as to Fleming County. A governmental unit has no respondeat superior liability in a Sec. 1983 action. Pusey v. City of Youngstown, 11 F.3d 652, 659 (6th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994). If liability attaches, it would have to be as a result of some policy or custom of the County which was causally related to plaintiff's alleged injuries. Id. There is no serious claim that the County had a policy of not hiring persons for political reasons. The thrust of plaintiff's allegations are directed at defendant Jewell Call. The question thus becomes, does Call's action become the action of the County? In Pusey we stated:
 
 
 6
 In appropriate circumstances, a single act may rise to the level of policy or custom. With regard to policy, a single act can constitute municipal policy "where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986).
 
 
 7
 Id.
 
 
 8
 It is not clear from the record before us whether Call possessed the kind of "final authority" referenced in Pembaur. Since the proceeding in the district court focused on qualified immunity, this question was never definitively answered. Accordingly, we remand for a determination of whether Call, as the Fleming County Judge/Executive, had the final authority to establish County policy with regard to the hiring or firing of the County Road Supervisor.[2] If this question is answered "no," then the case must be dismissed. If this question is answered "yes," then the district court must determine if Call established a policy that violates the First Amendment or plaintiff's due process rights under the Fourteenth Amendment. In other words, was plaintiff fired (or not rehired) for improper political reasons.[3]
 
 
 9
 REVERSED and REMANDED.
 
 
 
 [1]
 Although Haverstick concerned a city police department as a defendant, the same principle applies to all collective bodies such as city councils, boards of supervisors, and the like
 
 
 [2]
 The parties are cautioned that the discussion of Call's authority in that portion of Judge Churchill's opinion entitled "The County Judge/Executive's Claim of Qualified Immunity," did not become the opinion of the court
 
 
 [3]
 The County, of course, cannot claim qualified or good faith immunity as did the individual defendants